[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The sole assignment of error, alleging that the trial court's determination that defendant-appellant Chester White is a sexual predator was based upon insufficient evidence, is overruled.
A sexual predator is "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). The prosecution must prove by clear and convincing evidence that an offender is a sexual predator. See R.C. 2950.09(B)(3); State v. Cook
(1998), 83 Ohio St.3d 404, 700 N.E.2d 570; State v. Lee (1998),128 Ohio App.3d 710, 716 N.E.2d 751.
White pleaded guilty to rape and kidnapping, which are sexually-oriented offenses pursuant to R.C. 2950.01(D)(1) and (2)(a). The issue for the trial court to determine was whether White is likely to commit another sexually-oriented offense in the future.
R.C. 2950.09(B)(2) provides:
 In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
The offender's age;
 The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 Whether the sexually oriented offense for which the sentence is imposed involved multiple victims;
 Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
Any mental illness or mental disability of the offender;
 The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 Any additional behavioral characteristics that contribute to the offender's conduct.
White was thirty-five years old at the time of the crimes. His victims were two girls, ages five and seven. Instead of taking the children to a church and family gathering, White took them to his apartment and sexually assaulted them. He also threatened the girls. Regarding White's criminal record, the trial court stated,
 The record shows sale of liquor to minor, pay out of open flask, operating a motor vehicle without a license, DUI, disorderly conduct while intoxicated, disorderly conduct while intoxicated twice, driving under suspension, reckless driving, leaving the scene of an accident, resisting arrest, disorderly conduct while intoxicated, disorderly conduct while intoxicated, open flask, operating a motor vehicle without a license, another DUI, and breaking and entering in 1983, Judge Cartolano, for which he was placed on probation it looks like.
(T.p. 12-13.)
Following a review of the record, we hold that the trial court's determination that White is likely to commit a sexually-oriented offense in the future was not based upon insufficient evidence. The court's judgment is, accordingly, affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Painter and Winkler, JJ.